# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEAL BENJAMIN, | No. 4:19-CV-01973 |
| Plaintiff. | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 17, 2020

## I. BACKGROUND

Plaintiff Neal Benjamin, a federal prisoner incarcerated at the Federal Correctional Complex at Allenwood in White Deer, Pennsylvania, filed this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*,[1] alleging that the First Step Act of 2018 violates his right to equal protection under the Fifth Amendment because of the provision of the Act that bars sentence reduction eligibility for certain cocaine base offenses.[2] Specifically, Plaintiff alleges that he should be eligible for resentencing under § 404 of the First Step Act, which provides,

---

[1] 403 U.S. 388 (1971). Plaintiff he indicated in his complaint that he sought to bring his claims pursuant to 42 U.S.C. § 1983. Such a claim may only be brought against state officials. In light of Plaintiff's *pro se* status, the Court will construe his complaint as alleging a *Bivens* claim.
[2] ECF No. 1.

in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." The Fair Sentencing Act increased the amounts of cocaine base necessary to trigger the mandatory minimum terms set out in 21 U.S.C. § 841(b)(1)(A) and (B).[3]

It appears from the complaint that, prior to the enactment of the Fair Sentencing Act, Plaintiff was convicted of conspiracy to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).[4] As a result of these two convictions, Plaintiff was subjected to the penalties of 21 U.S.C. § 841(b)(1)(C), and he received a thirty-year term of imprisonment.[5] The Court notes from the exhibits submitted by Plaintiff that he did file a § 404 motion in his sentencing court, which was denied because he was sentenced under § 841(b)(1)(C), which is not eligible for relief under § 404 of the First Step Act.[6] Section 841(b)(1)(C) did not require a mandatory minimum term of imprisonment unlike § 841(b)(1)(A) and (B), which are eligible for relief under the First Step Act.[7]

---

[3] *See id.* at 7.
[4] *See id.* at 5-6.
[5] *See id.*
[6] *See id.* at 13.
[7] *See id.* at 7.

2

In this civil rights action, Plaintiff names as defendants "United States of America/Congress."[8]  Plaintiff has also filed a motion to proceed *in forma pauperis*[9] and, for screening purposes, that motion will be granted.

## II. DISCUSSION

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.[10]  The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[11] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[12]  "[A] pleading that offers 'labels or conclusions' or 'a

---

[8] *See id.*
[9] ECF No. 5.
[10] *See* 28 U.S.C. §§ 1915(e)(2), 1915A.
[11] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).
[12] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3

formulaic recitation of the elements of a cause of action will not do.'"[13] In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[14]

The Court must dismiss the complaint because the Court lacks subject-matter jurisdiction over the *Bivens* claim against the United States.[15] "[C]onstitutional claims against the United States are barred by sovereign immunity" and a *Bivens* "action can be brought only against federal agents in their individual capacities."[16] Because Plaintiff seeks relief from entities that are immune from suit, the complaint must be dismissed.

More problematic, however, is Plaintiff's attempt to challenge his federal sentence of imprisonment in a civil rights action. Such a claim must be brought pursuant to a petition for writ of habeas corpus rather than as a civil rights action.[17]

---

[13] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).
[15] *See FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994).
[16] *Munoz v. Attorney for U.S. Executive Office*, No. 4:03-CV-2293, 2006 WL 2246413, at *7 (M.D. Pa. Aug. 4, 2006) (dismissing Fourth and Fifth Amendment *Bivens* claims against the United States for lack of subject matter jurisdiction).
[17] *See Preiser v. Rodriquez*, 411 U.S. 475, 488–89 (1973) (holding that prisoner challenging validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statute, which Congress specifically designed for that purpose, rather than broad language of § 1983);

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement.[18] In order to be cognizable in a habeas petition, a claim must attack "the validity of the continued conviction or the fact or length of the sentence."[19] For a federal prisoner such as the plaintiff, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is the appropriate way to challenge the legality of his or her confinement whereas a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is appropriate to challenge the manner in which a sentence is executed, including the calculation of good time credits and release to residential reentry centers.[20] It is quite clear that, aside from the monetary damages that Petitioner seeks, he is challenging the legality of his confinement in light of the First Step Act.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."[21] The Court will not grant leave to amend because the sort of claim that Plaintiff wishes to bring is not cognizable in a civil rights action. He is free to file

---

[18] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).
[19] *Leamer*, 288 F.3d at 542.
[20] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. McKeithan*, 437 F. App'x 148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).
[21] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

on his own either another § 404 motion in his sentencing court or a § 2255 motion to challenge the length of his sentence in light of the First Step Act.

## III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice because it seeks relief from defendants who are immune for suit and because the claim regarding Plaintiff's sentence of imprisonment is not cognizable in a civil rights action.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge